UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETH VOLLMER,

     Plaintiff,

v.                              Case No.:  8:20-cv-1702-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Beth Vollmer seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("SSA") denying her claim for

a period of disability and disability insurance benefits. The Commissioner filed the

Transcript of the proceedings (hereinafter referred to as "Tr." followed by the

appropriate page number), and the parties filed legal memoranda setting forth their

respective positions. As explained below, the decision of the Commissioner is

**AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on December 26, 2017, alleging disability beginning June 10, 2016. (Tr. 60, 148-49). The application was denied initially on March 9, 2018, and on reconsideration on May 14, 2018. (Tr. 60, 73). Plaintiff requested a hearing and a

hearing was held on June 27, 2019, before Administrative Law Judge ("ALJ") Edgardo Rodriguez-Quilichini. (Tr. 32-48). On July 18, 2019, the ALJ entered a decision finding Plaintiff not disabled from June 10, 2016, through the date of the decision. (Tr. 17-27).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on June 1, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on July 23, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. (Tr. 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 10, 2016, the alleged onset date. (Tr. 19). At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus (DM), with diabetic peripheral neuropathy (DPN); obesity; anemia; a coagulation disorder; hypertension (HTN); gastroesophageal reflux disease (GERO); and diverticulitis." (Tr. 19). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the

severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 20).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b), with additional limitations. The claimant can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-hour workday (with normal breaks). She can occasionally climb stairs, balance, stoop, kneel, crouch and crawl, but should never climb ladders or scaffolds. Additionally, she must avoid exposure to vibration, unprotected heights and hazardous machinery.

(Tr. 21-22). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a secondary school teacher. (Tr. 26). He determined that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 26). The ALJ found that in comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, Plaintiff had the RFC to perform her past relevant work as a secondary school teacher as it is generally performed in the national economy. (Tr. 27). The ALJ concluded that Plaintiff had not been under a disability from June 10, 2016, through the date of the decision. (Tr. 27).

## II.   Analysis

On appeal, Plaintiff raises three issues: (1) whether the ALJ erred by failing to properly consider Plaintiff's subjective complaints and credibility; (2) whether the ALJ erred by failing to properly consider the opinion of the non-examining consultative examiner, Dr. Karen Sarpolis, and failed to properly consider Plaintiff's obesity; and (3) whether the ALJ failed to consider the combination of Plaintiff's impairments, rendering the ALJ's hypothetical to the vocational expert and RFC unsupported. (Doc. 28, p. 3). The Court will address each issue in turn.

### A.   Subjective Complaints

Plaintiff argues that the ALJ failed to articulate specific reasons why Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not generally consistent with all of the relevant medical evidence and other evidence of record. (Doc. 28, p. 12-13). Plaintiff also argues that the ALJ erred in citing Plaintiff's daily activities and generally normal examination findings to discount Plaintiff's subjective symptoms. (Doc. 28, p. 12-13). The Commissioner contends that the ALJ properly considered Plaintiff's subjective complaints of pain and other symptoms in deciding her claim. (Doc. 32, p. 5). And while not dispositive, the Commissioner argues Plaintiff's daily activities provide further evidence that her condition is not as limiting as alleged. (Doc. 32, p. 7).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ must consider these factors given all of the evidence of record. *Ross*, 794 F. App'x 867. And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395

F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, the ALJ considered Plaintiff's testimony, the medical evidence of record, and other evidence. (Tr. 22-25). The ALJ then explained his decision as to Plaintiff's subjective complaints:

> Therefore, after considering the evidence of record, I find that there is no reasonable medical basis for the intensity, persistence, and limiting effects of the claimant's alleged lower extremity swelling symptoms, and that this is not a severe impairment. I also find that the claimant's medically determinable severe impairments (GERD, diverticulitis, DM (with DPN), obesity, anemia, and a coagulation disorder) could reasonably be expected to cause her alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not generally consistent with all of the relevant medical evidence and other evidence in the claimant's case record (as set forth in this Finding) which shows that she can perform light work, although with the additional limitations stated in Finding 5 above (SSR 16-3p). Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

(Tr. 25).

To further support this finding, the ALJ discussed Plaintiff's activities of daily living, medications, and alternate methods of treatment. (Tr. 26). For activities of daily living, the ALJ cited a February 2018 report in which Plaintiff reported she was able to take care of her own hygiene, cook simple meals, wash the dishes, do the laundry, drive, shop (while leaning on a cart), manage her finances, and watch television. (Tr. 26, 199). The ALJ also noted that Plaintiff testified that she lives with her special needs adult daughter, takes care of her own hygiene – although with someone home when showering – prepares frozen food, drives short distances, reads, watches television, and meets with friends. (Tr. 26, 42).

Plaintiff challenges the ALJ's characterization of Plaintiff's activities of daily living and claims the ALJ did not clearly articulate reasons to discount Plaintiff's subjective complaints. (Doc. 28, p. 12-13). Plaintiff argues that the "primary reason" she stopped working as a schoolteacher was her inability to perform the standing and walking requirements of teaching. (Doc. 28, p. 12). Plaintiff claims that these daily activities do not show that she is capable of standing and walking for approximately six hours in an eight-hour workday, as the ALJ found in the RFC. (Doc. 28, p. 12-13). Plaintiff argues that living with an adult special needs daughter is not reason to discount Plaintiff's subjective complaints. Plaintiff also argues that while the ALJ cited Plaintiff being able to do her own laundry, Plaintiff testified that she had to

teach her disabled daughter to do laundry because she could not stand long enough to fold it. (Doc. 28, p. 13).

In considering subjective symptoms, an ALJ should consider Plaintiff's activities of daily living, which the ALJ did here. The ALJ properly considered both the February 2018 State agency report and Plaintiff's June 2019 testimony. *See* 20 C.F.R. § 404.1529(c)(3); (Tr. 42, 199). Plaintiff's activities of daily living, such as caring for her personal needs, preparing simple meals, driving, and performing light household chores supports the ALJ's finding that Plaintiff is not as limited as alleged. And the ALJ did not rely on Plaintiff's activities alone, but considered the record as a whole when making his determination. While Plaintiff cites evidence in support of her allegations, even if the evidence preponderated against the Commissioner's findings, as long as the decision reached is supported by substantial evidence, a court must affirm. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021); *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004).

Plaintiff also argues that the ALJ's citation to positive findings in the medical records does not support Plaintiff's inability to stand and walk for six hours due to neuropathy. (Doc. 28, p. 13-14). Plaintiff claims the ALJ cited medical findings such as full range of motion, 5/5 strength in all extremities, a normal gait, and no focal neurological deficits to support his decision as to Plaintiff's subjective complaints.

(Doc. 28, p. 13-14). In the decision, the ALJ noted, among other complaints, that Plaintiff had diminished gross sensations bilaterally, decreased pin prick sensations bilaterally, in-grown toenails, obesity, 1/7 pitting edema in her left foot, and varicosities in both lower extremities. (Tr. 23-24). Even with these complaints, the ALJ noted that upon examination, Plaintiff had 5/5 strength in all extremities, full active ranges of motion of all extremities, a normal gait, and no focal neurological deficits. (Tr. 23-24). These generally normal findings support the ALJ's determination that Plaintiff's subjective complaints are not as disabling as alleged.

In the decision, the ALJ discussed Plaintiff's medications finding no adverse side-affects. (Tr. 26). The ALJ also noted that the medical records show Plaintiff was awake, alert, oriented, and in no acute distress at her examinations. (Tr. 26). The ALJ likewise considered alternative methods of treatment and found the medical evidence did not show Plaintiff was required to use an alternative treatment method that imposed limitations or restrictions. (Tr. 26). The ALJ concluded that Plaintiff had some limitations, but "the evidence as a whole does not substantiate any cause for such debilitating limitations as described by the claimant that would preclude all work activity, including substantial gainful activity, since the alleged onset date, as she has the residual functional capacity to perform light work, although with the additional limitations stated in Finding 5 above." (Tr. 26).

After considering Plaintiff's medical conditions as a whole, the ALJ articulated explicit and adequate reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not generally consistent with all of the relevant medical evidence and other evidence of record. These findings were within the province of the ALJ and a court will not disturb such findings when supported by substantial evidence, as they are here. *See Ross*, 794 F. App'x 867; *Mitchell*, 771 F.3d at 782. Thus, the ALJ did not err when considering Plaintiff's subjective complaints.

### B.      Dr. Sarpolis's Opinion and Plaintiff's Obesity

Plaintiff contends that the ALJ erred in finding more persuasive the opinions of non-examining State agency medical physicians,   R. James. Mabry, M.D. and Bettye Stanley, D.O. than the opinion of non-examining State agency medical physician Karen Sarpolis, M.D. (Doc. 28, p. 14-16). Plaintiff also contends that the ALJ did not properly consider Plaintiff's obesity. (Doc. 28, p. 17-19). The Commissioner argues that Drs. Mabry and Stanley's findings were more consistent with and supported by the objective medical evidence than Dr. Sarpolis's assessment. (Doc. 32, p. 13). The Commissioner also contends that the ALJ properly considered the effects of Plaintiff's obesity on her ability to perform work activities. (Doc. 32, p. 13-14).

### 1.    Dr. Sarpolis's Opinion

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

In the decision, the ALJ considered the opinions of Drs. Mabry, Stanley, and Sarpolis. (Tr. 22). The ALJ noted that these physicians completed Physical Residual

Functional Capacity Assessments in March 2018, May 2018, and September 2018 respectively. (Tr. 22). Drs. Mabry and Stanley determined that Plaintiff could perform light work with some postural and environmental limitations. (Tr. 22). Importantly, these physicians found that Plaintiff could stand or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. (Tr. 22). Dr. Sarpolis found that Plaintiff could perform only sedentary work, and specifically could stand or walk for two hours in and eight-hour workday and sit for six hours in an eight-hour workday, with some postural and environmental limitations. (Tr. 22).

After review of these three medical sources' opinions, the ALJ found:

> I find that the opinions of Dr. Mabry and Dr. Stanley are more persuasive because they are better supported by substantial objective medical evidence noted in the opinions, they are explained in detail, and they are consistent with all of the other the evidence throughout the record from all other sources (as set forth in detail in the following paragraphs immediately below) which has convinced me that the claimant has the physical residual functional capacity to perform light work, although with the additional limitations stated in finding 5 above.

(Tr. 22-23).

Plaintiff argues that Drs. Mabry and Stanley did not have all of the medical evidence from Narmo L. Ortiz, M.D. whose medical records document diabetic foot exams, showing decreased pin prick examinations bilaterally and diminished gross sensation bilaterally. (Doc. 28, p. 15). Plaintiff claims that Dr. Ortiz's records also show chronic problems with infected and ingrown toenails. (Doc. 28, p. 15). Finally,

Plaintiff claims that Drs. Mabry and Stanley did not have Dr. Sarpolis's opinion to review. (Doc. 28, p. 15).

While Drs. Mabry and Stanley may not have had all of Dr. Ortiz's records, Plaintiff has not shown that these medical records suggest that Plaintiff is more limited than found in the RFC. Nor has Plaintiff cited medical records from Dr. Ortiz that show he found her more limited than Drs. Mabry and Stanley determined in their opinions. And in the decision, the ALJ considered Dr. Ortiz's records, noting 1/7 pitting edema in the left foot, diminished gross sensations bilaterally, decreased pin prick sensations bilaterally, and in-grown toenails. (Tr. 23-24).

The ALJ also articulated specific reasons why he considered Drs. Mabry's and Stanley's opinions more persuasive than Dr. Sarpolis's opinion. The ALJ found that their opinions were better supported by substantial objective medical evidence as noted in their opinions. (Tr. 22). While Drs. Mabry and Stanley discussed Plaintiff's medical record that supported their opinions by date and provider, Dr. Sarpolis included a summary that did not clearly support her opinion. (Tr. 55, 57, 67-68). Dr. Sarpolis noted that Plaintiff's statements were partially supported, but gave no further explanation. (Tr. 353). Dr. Sarpolis found Plaintiff's most recent examination was for an ingrown toenail without other complaints, and noted a different examination showed minimal pedal edema and decreased sensation in the lower extremities. (Tr. 353). She also noted Plaintiff reported using a cane and

leaning on grocery carts to shop, but these were discontinued after her toenail improved. (Tr. 353). Plaintiff's diverticulitis was not active, her high blood pressure was controlled and caused no end-organ damage, and her deep vein thrombosis was controlled with medications. (Tr. 353). Dr. Sarpolis noted Plaintiff was morbidly obese and that "[o]besity increases the work and pain of movement and was taken into account in this RFC." (Tr. 353). Without further explanation, these statements do not support the limitations Dr. Sarpolis found that would limit Plaintiff to only sedentary work, especially the standing or walking limitations. (Tr. 347-50).

Plaintiff emphasizes that only Dr. Sarpolis explained the impact of Plaintiff's morbid obesity in combination with her other impairments. (Doc. 28, p. 16). But as stated above, Dr. Sarpolis found Plaintiff was morbidly obese and noted that generally obesity increased the work and pain of movement, and then took it into account, but never articulated how Plaintiff's morbid obesity caused any additional functional limitations, if any. (Tr. 353). And both Drs. Mabry and Stanley noted Plaintiff's BMI in their opinions. (Tr. 57, 68).

For these reasons, substantial evidence supports the ALJ's finding that Drs. Mabry and Stanley's opinion were more persuasive than Dr. Sarpolis's opinion.

### 2.    Obesity

Plaintiff argues that even though the ALJ cited SSR 19-2p, he did not discuss how Plaintiff's obesity would impact her ability to walk and stand for six hours in

an eight-hour day or take into consideration her allegations of fatigue. (Doc. 28, p. 18-19). The Commissioner contends that the ALJ properly considered the effects of Plaintiff's obesity on her ability to perform work activities. (Doc. 32, p. 13). The Commissioner also contends that Plaintiff failed to cite evidence establishing that her obesity actually imposed limitations beyond the limitations the ALJ included in the RFC finding. (Doc. 32, p. 14).

When considering a claimant's overall medical condition, an ALJ must consider obesity. *Anderson v. Kijakazi*, No. 8:20-cv-947-AEP, 2021 WL 4146300, at *6 (M.D. Fla. Sept. 13, 2021) (citing *Silas v. Saul*, No. 8:18-cv-477-T-SPF, 2019 WL 4686802, at *7 (M.D. Fla. Sept. 26, 2019)). Obesity should be considered at steps two through five of the sequential evaluation. *Id.* (citing *Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012) (citing SSR 02–1p)). Under the new regulations effective May 20, 2019 for applications filed on or after this date and all claims pending before the agency on or after this date – including this case – an ALJ "must consider the limiting effects of obesity when assessing a person's RFC. . . . We assess the RFC to show the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment." SSR 19-2p, 2019 WL 2374244 (May 20, 2019).

A review of the record establishes that the ALJ properly considered Plaintiff's obesity. At step two, the ALJ found obesity was a severe impairment. (Tr. 19). At

step three, the ALJ reviewed medical records that showed Plaintiff was obese,
including a November 25, 2016 emergency room visit showing a BMI of 35.36, a
December 5, 2017 visit to Dr. P. Harchandani showing a BMI of 36.49, and an
August 17, 2019 visit to Heart of Florida Physician's Group showing a BMI of 34.8.
(Tr. 21). The ALJ then discussed SSR 19-2p and how the agency considers obesity.
(Tr. 21). Prior to step four, the ALJ again cited SSR 19-2p and stated that he
considered any functional limitations resulting from obesity when assessing the
RFC.

> Additionally, discussed in Social Security Ruling 19-2p, the
> combined effects of obesity with another impairment may be
> greater than the effects of each of the impairments considered
> separately. We assess the residual functional capacity to show
> the effect obesity has upon the person's ability to perform
> routine movement and necessary physical activity within the
> work environment. Thus, any functional limitations resulting
> from obesity are considered in the residual functional capacity
> assessment below, in addition to any limitations resulting from
> any other physical or mental impairments.

(Tr. 22). Then later in the decision, the ALJ again considered Plaintiff's obesity,
noting medical records showing Plaintiff's elevated BMI. (Tr. 23). After review of
the medical records, the ALJ found Plaintiff diabetes mellitus, obesity, anemia, and
coagulation disorder were severe, but did not limit Plaintiff's ability to perform light
work with additional limitations. (Tr. 24).

The ALJ's overall consideration of Plaintiff's obesity satisfies the
requirements of SSR 19-2p. The ALJ found Plaintiff's obesity a severe impairment

and then considered this impairment when assessing Plaintiff's RFC. And Plaintiff has not established that she was more limited than the limitations in the RFC finding. Thus, substantial evidence supports the ALJ's decision as to obesity.

### C. Combination of Impairments

Plaintiff argues that the ALJ did not explain how he considered Plaintiff's symptoms of fatigue and weakness relating to her impairments of anemia, obesity, and diabetes, and how fatigue and weakness would impact Plaintiff's ability to perform work on a sustained basis. (Doc. 28, p. 19). Plaintiff testified that she had to lay down for two hours a day due to fatigue and weakness and these symptoms prevented her from walking and performing household chores on a sustained basis. (Doc. 28, p. 19). Plaintiff argues that had the ALJ taken Plaintiff's anemia, obesity, and diabetes with peripheral neuropathy into account, he would not have found she could perform light work and would have instead found she could perform only sedentary work. (Doc. 28, p. 19).

The Commissioner argues that substantial evidence supports the ALJ's RFC finding that Plaintiff could perform light work. (Doc. 32, p. 15). The Commissioner contends that Plaintiff has cited no objective evidence in support of her allegations of greater limitations or any evidence that undermines the substantial evidence supporting the ALJ's RFC finding. (Doc. 32, p. 16). The Commissioner argues that

Plaintiff is asking the Court to reweigh the evidence or substitute its judgment for that of the ALJ, which the Court cannot do. (Doc. 32, p. 16).

Prior to step four, the ALJ must assess Plaintiff's RFC, which is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a). It consists of a claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a). An ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the action. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1),(3). So the ALJ must consider *all* of a claimant's medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). "The ALJ makes this determination by considering a claimant's physical, mental, and other abilities affected by the impairment." *Id.* (citing 20 C.F.R. § 404.1545(b)-(d)).

In the decision, the ALJ acknowledged that at the hearing Plaintiff testified that she had fatigue, which would require her to lie down for two hours at a time. (Tr. 23). The ALJ then cited medical records in which Plaintiff denied having fatigue or weakness. (Tr. 24). The ALJ also considered Plaintiff anemia, obesity, and diabetes with peripheral neuropathy in combination with all of Plaintiff's medical impairments to assess Plaintiff's RFC. (Tr. 20, 23-24). The ALJ explained that in

making the RFC finding, he considered all of Plaintiff's symptoms, including obesity. (Tr. 22). Thus, substantial evidence supports the ALJ's RFC finding.

Although generally a step five issue, Plaintiff claims that the hypothetical to the vocational expert was unsupported by substantial evidence. (Doc. 28, p. 21). For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Plaintiff claims that the ALJ failed to properly consider Plaintiff's subjective complaints, failed to properly consider Dr. Sarpolis's opinion, and failed to consider the impact of obesity on the RFC and, as a result, the ALJ did not pose a hypothetical to the vocational expert that contained all of Plaintiff's limitations. (Doc. 28, p. 20). As the Court determined above, the ALJ properly considered Plaintiff's subjective complaints, properly considered Dr. Sarpolis's opinion, and properly considered any impact obesity may have had when assessing the RFC and posing a hypothetical to

the vocational expert. For these reasons, substantial evidence supports the ALJ's RFC finding and the decision as a whole.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 14, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties